IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FEI COMPANY,                      )
                                  )
    Plaintiff,                    )
                                  )
    v.                            )   Civil Action No. 1:10cv302
                                  )
CAMBRIDGE GLOBAL SERVICES, INC.   )
                                  )
    Defendant.                    )

REPORT AND RECOMMENDATION

This matter came before the Court on plaintiff's Motion for Default Judgment (Dkt. No. 9). After no representative for defendant appeared at the hearing on plaintiff's Motion, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

I. INTRODUCTION

Plaintiff FEI Company ("FEI" or "plaintiff") filed this action on March 30, 2010 against Cambridge Global Services, Inc. ("Cambridge" or "defendant") alleging breach of contract. FEI is a Oregon corporation with its principal place of business in Hillsboro, Oregon. (Compl. ¶ 1.) Cambridge is a Virginia corporation with its principal place of business in Chantilly, Virginia. (Compl. ¶ 2.)

Plaintiff seeks a judgment against defendant awarding plaintiff damages and interest, including postjudgment interest.

**A. Jurisdiction and Venue**

This Court has subject matter jurisdiction over this case because the amount in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and the dispute is between citizens of different states. (28 U.S.C. § 1332(a)(1); Compl. ¶ 3.) In her June 2, 2010 declaration, Claire Philpott, Senior Counsel for FEI, asserts that Cambridge has an outstanding balance due in the amount of $2,296,321.36. (Philpott Decl. ¶ 32.) Personal jurisdiction over defendant is proper because defendant Cambridge is a Virginia corporation with its principal place of business in Chantilly, Virginia. (Compl. ¶ 2.)

Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims against defendants occurred in this District.

### B. Process and Service

FEI attempted to serve the Complaint and Summons on Cambridge by private process server on four occasions between March 31, 2010 and April 13, 2010 by attempting to serve either its registered agent or one of its corporate officers at Cambridge's last known address. (Roche Decl. ¶¶ 3-5.) Additionally, according to the State Corporation Commission's ("SCC") website, sometime after March 31, 2010, Suresh Doki was re-designated as the "Old Registered Agent" for Cambridge and Cambridge has failed to appoint a "Current Registered Agent," making substitute service appropriate on the grounds that Cambridge has failed to appoint or maintain a registered agent in Virginia. See Va. Code Ann. § 13.1-637(B). Because neither Cambridge's registered agent nor any officers could be found, FEI's private process server served the Clerk of the SCC on April

14, 2010 and the Clerk of the SCC mailed a copy of the Complaint to Cambridge on April 20, 2010. (Dkt. Nos. 4, 5.) Therefore, the undersigned finds that Cambridge was properly served by substitute service pursuant to Va. Code Ann. § 12.1-19.1.

### C. Grounds for Default Judgment

Neither defendant has appeared, answered, or otherwise filed any responsive pleadings in this matter. Default was entered by the Clerk of this Court on October 14, 2009. (Dkt. No. 25.)

## II. FACTUAL FINDINGS

Upon a full review of the Complaint, all relevant pleadings, plaintiff's Motion for Default Judgment, and the documents submitted in proof of damages, the undersigned Magistrate Judge finds that plaintiff has established the following facts.[1]

FEI is a provider of electron and ion-beam microscopes and tools for nanoscale applications across multiple industries, including industrial and academic materials research, life sciences, semiconductors, data storage, natural resources and others. (Compl. ¶ 5; Philpott Decl. ¶ 3.)

On or about April 2, 2009, Cambridge issued to FEI its Purchase Order No. 13922 ("PO# 13922) for the purchase and sale of (i) a Quanta 200 FEG model electron microscope and related accessories, software licenses, service and installation

---

[1] The pleadings include the Complaint (Dkt. No. 1) and plaintiff's combined Motion for Default Judgment and Memorandum in Support ("Mot. for Default J.")(Dkt. No. 9) and its supporting documents, including the Declaration of Claire Philpott ("Philpott Decl.") and the declaration of John K. Roche ("Roche Decl.").

(collectively, the "200 FEG"), and (ii) a Tecnai 2 Spirit Bio TWIN model electron microscope and related accessories, software licenses, service and installation (collectively the "Tecnai"), in the amount of $1,558,900.00. (Compl. ¶ 6; Philpott Decl. ¶ 5.)

Pursuant to PO #13922, both the 200 FEG and the Tecnai were to be delivered to and installed at the Department of Homeland Security ("DHS") facility in Fort Detrick, Maryland. (Philpott Decl. ¶ 6; Compl., ¶ 7.) The payment terms for PO #13922 were 90% due on delivery of each of the electron microscopes and accessories to DHS, and the remaining 10% due on DHS's acceptance of the installation of each electron microscope. (Philpott Decl. ¶ 7; Compl. ¶ 8.)

The Tecnai was delivered to DHS on or about July 1, 2009. (Philpott Decl. ¶ 8; Compl. ¶ 9.)

On July 1, 2009, FEI issued invoice number 361364 to Cambridge in the net amount of $864,522.30 which includes 90% of the Tecnai purchase price, plus freight in the amount of $14,223.00. (Philpott Decl. ¶ 9; Compl. ¶ 10.)

FEI continues to provide installation services to DHS with respect to the Tecnai, and expects that DHS will shortly issue a Certificate of Acceptance with respect to the Tecnai. (Philpott Decl. ¶ 10; Compl. ¶ 11.) Once the Certificate of Acceptance is issued for the Tecnai, Cambridge also will be liable for the remaining 10% of the Tecnai purchase price, which is $94,477.70. (Philpott Decl. ¶ 10; Compl. ¶ 11.)

The 200 FEG was delivered to DHS on or about August 27,

4

2009. (Philpott Decl. ¶ 11; Compl. ¶ 12.)

On August 28, 2009, FEI issued invoice number 366454 to Cambridge in the net amount of $540,812.40 which includes 90% of the 200 FEG purchase price, plus freight in the amount of $9,024.00. (Philpott Decl. ¶ 12; Compl. ¶ 13.)

On or about December 17, 2009, DHS executed and delivered a Certificate of Acceptance with respect to the 200 FEG. (Philpott Decl. ¶ 13; Compl. ¶ 14.)

On January 14, 2010, FEI issued invoice number 375044 in the amount of $59,087.60, representing the remaining 10% of the purchase price of the 200 FEG. (Philpott Decl. ¶ 14; Compl. ¶ 15.)

On or about September 23, 2009, Cambridge issued to FEI its Purchase Order No. 15821-1 ("PO# 15821-1") for the purchase and sale of a Quanta 3D FEG model electron microscope and related accessories, software licenses, service and installation (collectively, the "3D FEG") in the total amount of $1,100,000.00, for delivery and installation at the Knolls Atomic Power Lab ("KAPL") in Schenectady, New York. (Philpott Decl. ¶ 15; Compl. ¶ 16.)

The payment terms for PO #15821-1 were 90% due on delivery of the 3D FEG to KAPL, and the remaining 10% due on acceptance of the 3D FEG installation by KAPL. (Philpott Decl. ¶ 16; Compl. ¶ 17.)

On October 2, 2009, FEI issued invoice numbers 369821 and 369821A to Cambridge, in the net amount of $990,000 reflecting the 90% of the 3D FEG purchase price due on delivery to KAPL.

5

(Philpott Decl. ¶ 17; Compl. ¶ 18.)

The electron microscope and accessories purchased pursuant to PO #15821-1 were delivered to KAPL on or about October 2, 2009. (Philpott Decl. ¶ 18; Compl. ¶ 19.)

On March 25, 2010, KAPL issued a Certificate of Acceptance for the 3D FEG. (Philpott Decl. ¶ 19; Compl. ¶ 20.) Upon issuance of a Certificate of Acceptance by KAPL with respect to the 3D FEG, Cambridge became obligated to pay FEI the remaining 10% due under PO #15821-1 and on March 29, 2010, FEI issued invoice number 383975. (Philpott Decl. ¶ 20; Compl. ¶ 21.)

On or about February 2, 2009, Cambridge issued its Purchase Order No. 13167 ("PO #13167") to FEI for the purchase and sale of a power supply unit for an electron microscope installed for the United States Department of Energy (the "DOE") at the Hanford Nuclear Reservation facility of Battelle Pacific Northwest in Richland, Washington. (Philpott Decl. Compl. ¶ 22.)

On June 2, 2009, FEI shipped the power supply in response to PO #13167 and issued invoice number 357099B in the amount of $12,966. (Philpott Decl. ¶ 22; Compl. ¶ 23.)

Cambridge has been paid in full by DHS for the Tecnai. (Philpott Decl. ¶ 23; Compl. ¶ 24.) Cambridge has been paid in full by DHS for the 200 FEG. (Philpott Decl. ¶ 24; Compl. ¶ 25.) Cambridge has been paid in full by KAPL for the 3D FEG. (Philpott Decl. ¶ 25; Compl. ¶ 26.) Cambridge has been paid in full by the DOE for the power supply. (Philpott Decl. ¶ 26; Compl. ¶ 27.)

On November 6, November 9 and December 11, 2009, Cambridge

6

wire transferred to FEI funds totaling $281,066.94 in partial payment on invoice number 361364, leaving a remaining balance due on that invoice of $583,455.36. (Philpott Decl. ¶ 27; Compl. ¶ 28.)

Despite repeated demands, Cambridge failed and refused to make payment on invoice 366454, leaving an unpaid principal balance due of $540,812.40 on this invoice. (Philpott Decl. ¶ 28; Compl. ¶ 29.) Despite repeated demands, Cambridge has failed and refused to make payment on invoices 369821 and 383975, leaving an unpaid principal balance due of $1,100,000 on these invoices. (Philpott Decl. ¶ 29; Compl. ¶ 30.) Despite repeated demands, Cambridge has failed and refused to pay invoice number 357099B, leaving an unpaid principal balance due of $12,966 on this invoice. (Philpott Decl. ¶ 30; Compl. ¶ 31.) Despite repeated demands, Cambridge has failed and refused to pay invoice number 375044, leaving an unpaid principal balance due of $59,087.60 on this invoice. (Philpott Decl., ¶ 31; Compl. ¶ 15.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the court must ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the plaintiff's claims against the standards of Fed. R. Civ. P. 12(b)(6).

A federal court sitting in diversity must apply the choice

of law provisions of the forum state. <u>Weiler v. Arrowpoint Corp.</u>, No. 1:10cv157, 2010 WL 1946317 (E.D. Va. May 11, 2010). In Virginia, the making of a contract is governed by the place where the contract is made, and performance is to be governed by the law of the state of performance. <u>Bizmark, Inc. v. Air Products, Inc.</u>, 427 F. Supp. 2d 680, 688 (W.D. Va. 2006). The place of the payment on a contract is determinative of the place of performance of the contract. <u>Id.</u> Because payments under the Purchase Orders at issue were payable to FEI, which has its principal place of business in Oregon, Oregon law is controlling. <u>Id.</u> (Virginia law governed where payment was to be made to a plaintiff with its principal place of business in Virginia). Under Oregon law, the elements of a cause of action for breach of contract are: (1) the complaint alleges that plaintiff entered into an agreement with defendant, (2) defendant breached that agreement, and (3) plaintiff suffered damages as a result of the breach. <u>Premier Technology v. State By and Through Oregon State Lottery</u>, 136 Or. App. 124, 129 (1995).

 FEI fulfilled its obligation to provide the 200 FEG, the Tecnai and the related accessories, software licenses, service and installation to DHS pursuant to PO #13922 issued by Cambridge. FEI also fulfilled its obligation to deliver a model Quanta 3D FEG electron microscope related accessories, software licenses, service and installation to KAPL pursuant to PO #15821-1 issued by Cambridge. Finally, FEI fulfilled its obligation to deliver a power supply to the DOE pursuant to PO #13167 issued by Cambridge. In return, Cambridge was obligated

to pay FEI $2,296,321.36 on PO Nos. 13922, 15821-1, 13167. Cambridge has not fulfilled that obligation, thus breaching the contracts and causing FEI to suffer damages of $2,296,321.36, plus interest.

State law governs the award of prejudgment interest in a diversity case. <u>Hitachi Credit America Corp. v. Signet Bank</u>, 166 F.3d 614, 633 (4th Cir. 1999). Because prejudgment interest is a matter of substantive law, rather than procedural, Oregon law governs. <u>Star Technologies, Inc. v. Philips Medical Systems</u>, 23 Va. Cir. 267, 1991 WL 834852, at *1 (Fairfax Co. Cir. Ct. Mar. 14, 1991). Oregon law provides that the rate of interest "if the parties have not otherwise agreed to a rate of interest, is nine percent per annum and is payable on … [a]ll moneys after they become due." *See* O.R.S. § 82.010(1)(a). Federal law, rather than state law, governs the calculation of postjudgment interest in diversity cases. <u>Hitachi Credit America Corp.</u>, 166 F.3d at 633. FEI therefore requests an award of postjudgment interest at the rate provided by 28 U.S.C. § 1961(a).

## IV. <u>REQUESTED RELIEF</u>

Plaintiff seeks damages and prejudgment interest as follows:

On July 1, 2009, FEI issued invoice number 361364 to Cambridge in the net amount of $864,522.30 for the Tecnai purchase price, plus freight under PO #13922. On November 6, November 9 and December 11, 2009, Cambridge wire transferred to FEI funds totaling $281,066.94 in partial payment on invoice number 361364, leaving a remaining balance due on that invoice of $583,455.36. As of June 30, 2010, FEI will be owed $52,510.98 in

9

prejudgment interest on invoice number 361364.

On August 28, 2009, FEI issued invoice number 366454 to Cambridge in the net amount of $540,812.40 which includes 90% of the 200 FEG purchase price, plus freight under PO #13922. Therefore, as of June 30, 2010, FEI will be owed $40,560.93 in prejudgment interest on invoice number 366454.

On January 14, 2010, FEI issued invoice number 375044 in the amount of $59,087.60, representing the remaining balance due under PO #13922. Therefore, as of June 30, 2010, FEI will be owed $2,658.94 in prejudgment interest on invoice number 375044.

On October 2, 2009, FEI issued invoice numbers 369821 and 369821A to Cambridge, in the net amount of $990,000 for PO #15821-1. Therefore, as of June 30, 2010, FEI will be owed $66,825 in prejudgment interest on invoice numbers 369821 and 369821A.

On March 29, 2010, FEI issued invoice number 383975 in the net amount of $110,000, which represents the remaining balance on PO #15821-1. Therefore, as of June 30, 2010, FEI will be owed $2,475 in prejudgment interest on invoice number 383975.

On June 2, 2009, FEI issued invoice number 357099B in the amount of $12,966 for PO #13167. Therefore, as of June 30, 2010, FEI will be owed $1,264.19 in prejudgment interest on invoice number 357099B.

As of June 30, 2010, FEI will be owed a balance of $2,296,321.36, plus $166,295.04 in prejudgment interest on PO Nos. 13922, 15821-1, 13167, for a total of $2,462,616.40. FEI also requests postjudgment interest at the rate provided by 28

U.S.C. § 1961(a).

## IV. RECOMMENDATION

The Magistrate Judge recommends entry of judgment in the amount of **$2,462,616.40** in favor of plaintiff against defendant. Specifically, the undersigned recommends an award of damages in the amount of $2,296,321.36 and prejudgment interest in the amount of $166,295.04.

The undersigned further recommends that plaintiff is entitled to recover postjudgment interest at the rate provided by 28 U.S.C. § 1961(a).

## V. NOTICE

The parties are advised that exceptions to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure must be filed 14 days after service. A failure to object waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and defendant at the following address:

> Cambridge Global Services, Inc.
> 14155 Newbrook Dr., Suite #300
> Chantilly, VA 20151

                                    /s/
                        THERESA CARROLL BUCHANAN
                        UNITED STATES MAGISTRATE JUDGE

July 7, 2010
Alexandria, Virginia